UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**IBEW No. 292 Health Care Plan, Electrical Workers Local No. 292 Pension Fund, Electrical Workers Local No. 292 Annuity & 401 (k) Fund, Electrical Workers Local No. 292 Vacation & Holiday Fund, Minneapolis Electrical Industry Board/JATC/LMCC,**

Civil No.:02-827 JMR/FLN

Plaintiffs,

vs.

**Harvey Electric, Inc.**

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

This matter was heard before the undersigned on the 8th day of November, 2002. Kathleen Brennan and McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on April 18 2002 seeking an order requiring production of fringe fund reports and judgment for the amounts shown to be due per those reports.

2. Defendant Harvey Electric, Inc. was served with a Summons and Complaint in this matter on April 19, 2002..

FILED 1-27-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED 1-27-03
DEPUTY CLERK

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing electrical work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by certain a collective bargaining agreement ("CBA") with the International Brotherhood of Electrical Workers. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions.

6. Defendant had failed to timely produce reports and contributions for the period October 1, 2001 through the date the Complaint was filed and served. Since the Complaint was filed and served, Defendant Harvey Electric, Inc. has submitted payroll reports and contributions for the period October 1, 2001 through April, 2002, without paying liquidated damages, attorney fees, or costs. Defendant has failed to submit payroll reports for the months of May 2002 through the present.

7. The bargaining agreement provides that Defendant must pay liquidated damages of $1000 for delinquent contributions received after the end of the month in which they were due.

8. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to the relief sought in the Complaint.

2. Defendant must produce the fringe fund reports and contributions for the months of May 2002 through September 2002, and any additional months that are due as of the date of this Order.

3. Defendant owes $1000 per month in liquidated damages for delinquent contributions received after the end of the month in which they were due..

4. Defendant owes reasonable attorneys' fees and costs in an amount to be determined upon affidavit of Plaintiffs' counsel.

## ORDER

IT IS ORDERED:

1. That Plaintiffs' motion for default judgment is granted.
2. That Defendant must produce monthly fringe benefit reports for the period May 2002 though the date of this Order.
3. That Plaintiffs are entitled to judgment for amounts shown to be owing pursuant to those reports.
4. That Plaintiffs are entitled to judgment for an additional $1,000 per month in liquidated damages for each month for which Defendant failed to timely submit reports.

5. That Plaintiffs are entitled to judgment in an amount to be determined upon application of Plaintiffs' counsel by affidavit, for reasonable attorneys' fees and costs associated with this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 23rd, 2003

BY THE COURT

James M. Rosenbaum
Chief Judge of District Court

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.